United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                                Case No. 14-17201-amc
Elaine M. Farnum                                                      Chapter 13
Elaine M. Farnum
        Debtors

# CERTIFICATE OF NOTICE

District/off: 0313-2        User: admin              Page 1 of 1          Date Rcvd: Dec 06, 2019
                            Form ID: 3180W           Total Noticed: 10

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Dec 08, 2019.
db            +Elaine M. Farnum,    MAILING ADDRESS,    P.O. Box 28957,    Philadelphia, PA 19151-0957
db            +Elaine M. Farnum,    313 N. 65th Street,    Philadelphia, PA 19139-1009
13386442      +Beal Bank,    1 Corporate Drive, Suite 360,    Attn.: Bankruptcy Department,
                Lake Zurich, IL 60047-8945
13386445      +PGW,    800 W Montgomery Ave,    Philadelphia, Pa 19122-2806
13386447      +The Law Offices of Jonathan Stanwood, LL,    1628 JFK Blvd.,    Suite 1000,
                Philadelphia, PA 19103-2100

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg            E-mail/Text: megan.harper@phila.gov Dec 07 2019 03:10:06     City of Philadelphia,
                City of Philadelphia Law Dept.,    Tax Unit/Bankruptcy Dept,    1515 Arch Street 15th Floor,
                Philadelphia, PA 19102-1595
smg            E-mail/Text: RVSVCBICNOTICE1@state.pa.us Dec 07 2019 03:09:10
                Pennsylvania Department of Revenue,    Bankruptcy Division,    P.O. Box 280946,
                Harrisburg, PA 17128-0946
smg           +E-mail/Text: usapae.bankruptcynotices@usdoj.gov Dec 07 2019 03:09:57     U.S. Attorney Office,
                c/o Virginia Powel, Esq.,    Room 1250,    615 Chestnut Street,    Philadelphia, PA 19106-4404
13485583      +E-mail/Text: megan.harper@phila.gov Dec 07 2019 03:10:06
                CITY OF PHILADELPHIA, LAW DEPARTMENT  TAX UNIT,    MUNICIPAL SERVICES BUILDING,
                1401 JOHN F. KENNEDY BLVD., 5TH FLOOR,    PHILADELPHIA, PA 19102-1640
13687994      +E-mail/Text: megan.harper@phila.gov Dec 07 2019 03:10:06
                CITY OF PHILADELPHIA, LAW DEPARTMENT  TAX UNIT,    BANKRUPTCY GROUP, MSB,
                1401 JOHN F. KENNEDY BLVD., 5TH FLOOR,    PHILADELPHIA, PA 19102-1640
                                                                                             TOTAL: 5

            ***** BYPASSED RECIPIENTS *****
NONE.                                                                                        TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Dec 08, 2019                                       Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on December 5, 2019 at the address(es) listed below:
              ANDREW F GORNALL    on behalf of Creditor    Beal Bank S.S.B. agornall@kmllawgroup.com,
               bkgroup@kmllawgroup.com
              BRIAN CRAIG NICHOLAS    on behalf of Creditor    Beal Bank S.S.B. bnicholas@kmllawgroup.com,
               bkgroup@kmllawgroup.com
              JACK K. MILLER    on behalf of Trustee WILLIAM C. MILLER, Esq. philaecf@gmail.com,
               ecfemails@ph13trustee.com
              JONATHAN H. STANWOOD    on behalf of Debtor Elaine M. Farnum jhs@stanwoodlaw.com,
               paralegal@stanwoodlaw.com,jhsecf@gmail.com
              JOSHUA ISAAC GOLDMAN    on behalf of Creditor    Beal Bank S.S.B. bkgroup@kmllawgroup.com,
               bkgroup@kmllawgroup.com
              MEGAN N. HARPER    on behalf of Creditor    City of Philadelphia megan.harper@phila.gov,
               karena.blaylock@phila.gov
              REBECCA ANN SOLARZ    on behalf of Creditor    Beal Bank S.S.B. bkgroup@kmllawgroup.com
              THOMAS I. PULEO    on behalf of Creditor    Beal Bank S.S.B. tpuleo@kmllawgroup.com,
               bkgroup@kmllawgroup.com
              United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
              WILLIAM C. MILLER    on behalf of Trustee WILLIAM C. MILLER, Esq. ecfemails@ph13trustee.com,
               philaecf@gmail.com
              WILLIAM C. MILLER, Esq.    ecfemails@ph13trustee.com,  philaecf@gmail.com
                                                                                             TOTAL: 11

| **Information to identify the case:** | | |
|---|---|---|
| Debtor 1 | **Elaine M. Farnum** | Social Security number or ITIN    xxx–xx–4565 |
| | First Name    Middle Name    Last Name | EIN    _ _–_ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | **Elaine M. Farnum** | Social Security number or ITIN    xxx–xx–4565 |
| | First Name    Middle Name    Last Name | EIN    _ _–_ _ _ _ _ _ _ |
| United States Bankruptcy Court    **Eastern District of Pennsylvania** | | |
| Case number:    **14–17201–amc** | | |

# Order of Discharge                                                                                                    12/18

**IT IS ORDERED:** A discharge under 11 U.S.C. § 1328(a) is granted to:

Elaine M. Farnum                                         Elaine M. Farnum

12/5/19                                                        **By the court:**    Ashely M. Chan
                                                                                            United States Bankruptcy Judge

**Explanation of Bankruptcy Discharge in a Chapter 13 Case**

This order does not close or dismiss the case.

**Creditors cannot collect discharged debts**

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily. 11 U.S.C. § 524(f).

**Most debts are discharged**

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts provided for by the chapter 13 plan.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**Some debts are not discharged**

Examples of debts that are not discharged are:

♦ debts that are domestic support obligations;

♦ debts for most student loans;

♦ debts for certain types of taxes specified in 11 U.S.C. §§ 507(a)(8)( C), 523(a)(1)(B), or 523(a)(1)(C) to the extent not paid in full under the plan;

**For more information, see page 2**

Form 3180W                                    **Chapter 13 Discharge**                                    page 1

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for restitution, or a criminal fine, included in a sentence on debtor's criminal conviction;

- some debts which the debtors did not properly list;

- debts provided for under 11 U.S.C. § 1322(b)(5) and on which the last payment or other transfer is due after the date on which the final payment under the plan was due;

- debts for certain consumer purchases made after the bankruptcy case was filed if obtaining the trustee's prior approval of incurring the debt was practicable but was not obtained;

- debts for restitution, or damages, awarded in a civil action against the debtor as a result of malicious or willful injury by the debtor that caused personal injury to an individual or the death of an individual; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of a chapter 13 discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**